UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNIVERSITY REHABILITATION HOSPITAL, INC., ET AL. | CIVIL ACTION NO. 05-1827 |
| -vs- | JUDGE LITTLE |
| INTERNATIONAL COOPERATIVE CONSULTANTS, INC., ET AL. | |

**MEMORANDUM RULING**

Before the court is a motion for partial dismissal and improper venue [Doc. #4] filed by defendants International Cooperative Consultants, Inc. ("ICC") and William Planes ("Planes"). Plaintiffs University Rehabilitation Hospital, d/b/a Physicians Hospital of New Orleans ("Hospital"), Robert A. Rayford, Jr., Betty Ann Olds Rayford (collectively "the Rayfords") and Steven P. Mansour ("Mansour") oppose the motion [#9]. For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

**I.  FACTUAL BACKGROUND**

On 21 September 1999, ICC and the Hospital entered into a contract in which ICC agreed to provide management and administrative services for the Hospital, a long-term acute care hospital with its main campus located in New Orleans. Compl. ¶ 8. This Management Services Agreement charged ICC with the management and oversight of the Hospital's business affairs, including, *inter alia*, "the establishment and oversight of an accounting and cost control system" and "the preparation and filing of all statements required" by federal, state and local taxation authorities. Compl. ¶¶ 10-12. ICC maintained

broad authority to direct the affairs of the Hospital, including disbursing funds, making personnel decisions, withholding the appropriate taxes from compensation paid to Hospital employees and preparing tax returns.

Plaintiffs allege that, according to the IRS, the Hospital failed to pay over $2 million in federal and state withholding taxes ("trust fund taxes") from wages and other compensation paid to Hospital employees from approximately October 2000 through June 2002. Compl. ¶ 18. Allegedly, ICC willfully failed to pay the trust fund taxes and used these funds to pay various operating expenses and debts of the Hospital. The IRS notified the Rayfords and Mansour on 20 January 2004 of a proposed assessment against them individually for $2,114,432.14, the amount that defendants failed to pay. Plaintiffs further allege numerous breaches of contract, including misrepresentations about the financial condition of the Hospital, failure to provide timely financial information and breach of fiduciary duty. Id. ¶ 27.

On 14 October 2005, plaintiffs filed a complaint in this court requesting damages for breach of contract, seeking a declaratory judgment that ICC and Planes are "responsible persons" under section 6672(a) of the Internal Revenue Code and asking for indemnification against the defendants [#1].

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(3)

The standard of review for motions to dismiss pursuant to Rule 12(b)(3) is that once a defendant has raised the improper venue issue by motion, the burden of sustaining venue rests with the plaintiff. Dupree v. Valero Energy Corp., No. Civ. A. 03-1834, 2003 WL

2

22466234, at *1 (E.D. La. Oct. 29, 2003); McCaskey v. Continental Airlines, Inc., 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001); Bigham v. Envirocare of Utah, Inc., 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000). If there is no evidentiary hearing, courts will allow a plaintiff to carry the burden by establishing facts, taken as true, that establish venue. McCaskey, 133 F. Supp. 2d at 523; Bigham, 123 F. Supp. 2d at 1048; see also Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994). The court accepts undisputed facts in the plaintiffs' pleadings as true, and resolves any conflicts in the plaintiffs' favor. McCaskey, 133 F. Supp. 2d at 523. Courts have provided plaintiffs with the benefit of the doubt when determining the governing facts. See id.

**B.	Federal Rule of Civil Procedure 12(b)(6)**

In evaluating a motion to dismiss under FED. R. CIV. P. 12(b)(6), the court accepts "the facts alleged in the complaint as true, [but] if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," the motion to dismiss will be granted. C.C. Port, Ltd. v. Davis-Penn Mortgage Co., 61 F.3d 288, 289 (5th Cir. 1995). In other words, the plaintiff must provide factual assertions in the complaint that, if taken as true, could lead to relief. While failure to provide facts to support a claim may lead to dismissal under FED. R. CIV. P. 12(b)(6), the court must construe the complaint liberally. Kane Enters. v. MacGregor (USA) Inc., 322 F.3d 371, 374 (5th Cir. 2003).

"[C]onclusory allegations or unwarranted deductions of fact" are not sufficient, however, to avoid dismissal. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (internal quotation marks omitted). Instead, the "plaintiff must plead specific facts." Id. (internal quotation marks omitted). In addition, "conclusory allegations or legal

3

conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

Even if the factual allegations are not conclusory, though, dismissal may still be appropriate if "the law simply may not afford relief on the basis of the facts alleged in the complaint." Walker v. S. Cent. Bell Tel. Co., 904 F.2d 275, 277 (5th Cir. 1990). As such, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326 (1989). Moreover, we apply the substantive law of Louisiana to this case. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78-79 (1938); Am. Nat'l Gen. Ins. Co. v. Ryan, 274 F.3d 319, 328 (5th Cir. 2001).

## III. DISCUSSION

### A. Improper Venue

Defendants challenge the venue of this lawsuit. They argue that this action can be brought in the Middle District of Florida, where both ICC and Planes reside. 28 U.S.C. § 1391(b)(1). In addition, they assert that because the Hospital's main campus was in New Orleans and ICC performed most of the services at issue in New Orleans, venue is proper in the Eastern District of Louisiana. Defs.' Mem. 23-24. Plaintiffs observe that venue is proper because the accounting functions that are the subject of this lawsuit were performed in an office rented by ICC and/or its affiliates in Alexandria, Louisiana, during the term of the agreement between ICC and the Hospital. Pls.' Opp. 14.

28 U.S.C. § 1391(b)(2) provides that "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be

brought only in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." As the Fifth Circuit has provided limited guidance on this issue, we note that "substantiality" for venue purposes is "more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts." Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 432-33 (2d Cir. 2005). "When material acts or omissions within the forum bear a close nexus to the claims, they are properly deemed 'significant' and, thus, substantial, but when a close nexus is lacking, so too is the substantiality necessary to support venue." Id. at 433. Applying this analysis, taking the undisputed facts as true and resolving any conflicts in the plaintiffs' favor, the court finds that venue is proper in the Western District of Louisiana.

**B.  Transfer of Venue**

Alternatively, defendants request a transfer of this action to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Defendants contend that the Eastern District of Louisiana would be a more appropriate and convenient forum for this lawsuit. Defs.' Mem. 25. Plaintiffs oppose transfer, urging the court that the relevant jurisprudence supports their choice of venue.

District courts have broad discretion in deciding whether to order a transfer. Mills v. Beech Aircraft Corp., 886 F.2d 758, 761 (5th Cir. 1989). The determination of

"convenience" turns on a number of private and public interest factors, none of which are given dispositive weight. Action Indus., Inc. v. U.S. Fidelity & Guar. Co., 358 F.3d 337, 340 (5th Cir. 2004) (citing Syndicate 420 at Lloyd's London v. Early Am. Ins. Co., 796 F.2d 821, 827 (5th Cir. 1986)). The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981). The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws in the application of foreign law. Id.

Exercising its sound discretion, this court declines to transfer this case to the Eastern District of Louisiana. See Caldwell v. Palmetto State Sav. Bank, 811 F.2d 916, 919 (5th Cir. 1987). After considering the aforementioned factors, the court finds that this district is not an "inconvenient" forum within the meaning of § 1404(a). Plaintiffs chose to litigate in this district and many of the alleged acts and omissions occurred in this district. Furthermore, according to the defendants' pleadings, the Hospital closed in 2002, and all ICC's records are in storage in Florida, as it does not maintain an office in Louisiana. Defs.' Mem. 7, 26. Thus, the interests of justice suggest that this is a relatively convenient and appropriate forum for litigation. Accordingly, the court denies defendants' motion to transfer venue.

**C.     Breach of Contract**

Defendants argue that the Rayfords and Mansour have no cause of action against either ICC or Planes for breach of contract because none of them is a party to the agreement between the Hospital and ICC. Defs.' Mem. 12. They further argue that the circumstances here do not require the court to pierce the corporate veil. The individual plaintiffs allege that because they sustained special and unique harm from defendants' actions and omissions, they maintain a personal right of recovery. Pls.' Opp. 4-5.

"[C]orporations are distinct legal entities, separate from the individuals who comprise them." Riggins v. Dixie Shoring Co., Inc., 590 So. 2d 1164, 1167 (La. 1991), reh'g denied, 590 So. 2d 1282 (La. 1992); see also LA. REV. STAT. ANN. § 12:93(B). Generally, unless directors or officers of a corporation purport to bind themselves individually, they do not incur personal liability for the debts of a corporation. Riggins, 590 So. 2d at 1168-69 (internal citation omitted) (reasoning that rule of limited liability encourages business and industry, as investors can make capital contributions to corporations without endangering their personal wealth). The exception to this rule is when there is a particular legal justification for piercing the corporate veil. Id. at 1168.

Under Louisiana law, the corporate veil may be pierced if the formalities of corporate existence are disregarded to the point that the affairs of the corporation are indistinguishable from the affairs of the officer, or if an officer commits fraud, malfeasance, or criminal wrongdoing in the name of the corporation. Id.; Egudin v. Carriage Court Condo., Dehrvill Group, Inc., 528 So. 2d 1043, 1046-47 (La. Ct. App. 1988). The question of whether to pierce the corporate veil is primarily one of fact. LeBlanc v. Opt, Inc., 421 So. 2d 984, 989

7

(La. Ct. App. 1982), cert. denied, 429 So. 2d 132 (La. 1983); Huard v. Shreveport Pirates, Inc., 147 F.3d 406, 409 (5th Cir. 1998). Only "exceptional circumstances warrant the radical remedy" of piercing the corporate veil. Korson v. Indep. Mall I, Ltd., 593 So. 2d 981, 984 (La. Ct. App. 1992) (citing Landry v. St. Charles Inn, Inc., 446 So. 2d 1246, 1251 (La. Ct. App. 1984)). "The fact that a person is an officer, director and stockholder of a corporation does not by itself make that corporation the alter ego of that person." Id.

The Louisiana courts have indicated that the corporate veil should be pierced when adherence to the corporate fiction would clearly result in inequity. See Watson v. Big T Timber Co., Inc., 382 So. 2d 258, 262 (La. Ct. App. 1980); Giuffria Realty Co., Inc. v. Kathman-Landry, Inc., 173 So. 2d 329, 334 (La. Ct. App. 1965). The ultimate inquiry, however, requires a balance of the policies behind the recognition of a separate corporate existence with the policies justifying piercing. See Glazer v. Comm'n on Ethics for Pub. Employees, 431 So. 2d 752, 757-58 (La. 1983). It is more difficult to disregard the corporate veil when the underlying claim is based on contract. Riggins, 592 So. 2d at 1285 (concurrence in denial of rehearing); see also Glenn G. Morris, *Piercing the Corporate Veil in Louisiana*, 52 LA. L. REV. 271, 294 (1991). More stringent standards are justified with respect to contract claims because the plaintiff's claim depends on the existence of a contract in which he chose to rely solely on the obligation of the corporation without any additional guarantees from its shareholders. Riggins, 592 So. 2d at 1285 (concurrence in denial of rehearing); Morris, *supra*, at 290-92. As such, a plaintiff urging a court to pierce the veil under such circumstances faces a heavy burden. See Huard, 147 F.3d at 409. Indeed, "the

8

corporate veil should only be pierced with respect to contract claims when compelling equitable considerations favor this remedy; otherwise, courts are not to disturb the allocation of risks established by the parties." Id. at 414.

The court may ignore the corporate fiction and hold the individual shareholders liable if the corporation is found to be simply the "alter ego" of the shareholder. To do so, the totality of the circumstances must be considered. In addition, the following factors are usually considered relevant in evaluating adherence to corporate formalities: (1) commingling of corporate and shareholder funds; (2) failure to follow statutory formalities for incorporating and transacting corporate affairs; (3) undercapitalization; (4) failure to provide separate bank accounts and bookkeeping records; and (5) failure to hold regular shareholder and director meetings. Riggins, 590 So. 2d at 1168. Although the corporate veil may be pierced without the presence of fraud, "Louisiana courts are reluctant to hold a shareholder, officer, or director of a corporation personally liable for corporate obligations, in the absence of fraud, malfeasance, or criminal wrongdoing." Id. When fraud has not been alleged, a plaintiff seeking to pierce the corporate veil bears a heavy burden of proof in demonstrating that the corporate form has been disregarded by the shareholders such that the corporation and shareholders are indistinguishable. Id.

In this case, there is nothing to suggest that the corporate entity became indistinguishable from the officer. Cf. McDonough Marine Serv. v. Doucet, 694 So. 2d 305, 310-11 (La. Ct. App. 1996) (corporations and shareholders not indistinguishable); Kingsman Enters., Inc. v. Bakerfield Elec. Co. Inc., 339 So. 2d 1280, 1283-84 (La. Ct. App. 1976)

(piercing of veil not appropriate in absence of allegations of fraud or deceit); Henry J. Mills Co., Inc. v. Crawfish Capitol Seafood, Inc., 569 So. 2d 1108, 1111-12 (La. Ct. App. 1990) (piercing of veil not justified). Thus, the circumstances do not warrant piercing the corporate veil.

Plaintiffs have not alleged any criminal wrongdoing. Therefore, Planes can only be liable if he committed fraud or malfeasance. Fraud is defined as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." LA. CIV. CODE. ANN. art. 1953. The Louisiana courts have not defined malfeasance in the context of piercing the corporate veil. However, Black's Law Dictionary defines it as a "wrongful or unlawful act." BLACK'S LAW DICTIONARY (8th ed. 2004); see also Industrias Magromer Cueros y Pieles S.A. v. Louisiana Bayou Furs Inc., 293 F.3d 912, 920 (5th Cir. 2002) (finding that corporate director's actions did not warrant piercing corporate veil as matter of law). We find no allegations of fraud or malfeasance on the part of Planes. See FED. R. CIV. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."); Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1068 (5th Cir. 1994) ("Rule 9(b) requires the plaintiff to allege the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.") (alteration in original) (internal citation and quotation marks omitted).

Plaintiffs cite Scaffidi and Chetta Entertainment v. University of New Orleans Foundation in support of their contention that they have a personal right of recovery. 898

10

So. 2d 491, 494-95 (La. Ct. App. 2005). The Court of Appeal of Louisiana, however, found in Scaffidi that the cause of action "belong[ed] solely to the corporation, the only party to the contract," and not to the individual parties who allegedly sustained damages as a result of the corporation's breach of the contract at issue. Id. at 495. In the instant case, any special or unique injury suffered by the individual plaintiffs has yet to materialize. Furthermore, the argument that the individual plaintiffs are subrogated to the Hospital's claims against the defendants is unavailing.

The circumstances of this case do not compel piercing of the corporate veil. The corporate obligations for which the plaintiffs seek to hold Planes personally liable are contractual obligations. As such, we do not find Planes personally liable for the obligations of ICC.

### D. "Responsible Persons"

Plaintiffs seek a judgment declaring that ICC and Planes are "responsible persons" under § 6672(a) of the Internal Revenue Code, that they "willfully failed to collect, truthfully account for and pay over the Trust Fund Taxes to the IRS" and that they are liable for the penalty of $2,114,432.14. Compl. ¶ 36. Defendants contend that any such claims are premature as no judgment has yet been rendered by the IRS. They also argue that the Declaratory Judgment Act specifically precludes declaratory relief here.[1] Defs.' Mem. 15-16.

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within

---

[1] We note that subject matter jurisdiction, which cannot be waived, may be challenged by the parties at any phase of a proceeding or raised *sua sponte* by the court. Bridgmon v. Array Sys. Corp., 325 F.3d 572, 575 (5th Cir. 2003); Warren v. United States, 874 F.2d 280, 281-82 (5th Cir. 1989).

11

its jurisdiction, except with respect to federal taxes . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a).[2] Thus, while the Declaratory Judgment Act allows the court to declare the rights and legal relations among the parties to a controversy, the Act specifically excludes from its scope most disputes relating to federal taxes. See Warren v. United States, 874 F.2d 280, 282 (5th Cir. 1989); Smith v. Booth, 823 F.2d 94, 97 (5th Cir. 1987); Melton v. Kurtz, 575 F.2d 547, 548 (5th Cir. 1978); McCabe v. Alexander, 526 F.2d 963, 965 (5th Cir. 1976) (holding that federal tax exception to Declaratory Judgment Act is at least as broad as Anti-Injunction Act). This exclusion reflects congressional antipathy for premature interference with the assessment or collection of federal taxes. Bob Jones Univ. v. Simon, 416 U.S. 725, 732 n.7 (1974).

"It is . . . well settled that a declaratory judgment cannot be issued in a tax case." Horne v. United States, 519 F.2d 51, 52 (5th Cir. 1975); accord Willis v. Alexander, 575 F.2d 495, 496 (5th Cir. 1978); Hunsucker v. Phinney, 497 F.2d 29, 36 (5th Cir. 1974), cert. denied, 420 U.S. 927 (1975). Hence, "Congress has barred the side door to actions 'with respect to Federal taxes' under the Declaratory Judgment Act." Crenshaw County Private Sch. Found. v. Connally, 474 F.2d 1185, 1189 (5th Cir. 1973), cert. denied, 417 U.S. 908 (1974). In short, given its broad prohibition, the Declaratory Judgment Act provides no basis for relief under these circumstances. See also Sterling Consulting Corp. v. United States,

---

[2] The parties do not argue, nor do we find that one of the specified proceedings that the Act exempts from this general exclusion is applicable to the instant case.

245 F.3d 1161, 1165-66 (10th Cir. 2001) (reversing district court's declaration that corporations in question owed no additional federal taxes).

### E. Indemnification

Plaintiffs have made a claim against ICC and Planes for indemnification under section 7.2 of the Management Services Agreement. Compl. ¶¶ 37-41. Defendants argue that because Planes is not a party to this agreement, the claim should be dismissed with respect to him. Furthermore, they contend that any claim seeking indemnification is premature, as no damages, losses or liabilities have yet been incurred by the individual plaintiffs. Defs.' Mem. 18-19.

The Louisiana Supreme Court has observed that "[a]n indemnity agreement is a specialized form of contract which is distinguishable from a liability insurance policy." Meloy v. Conoco, Inc., 504 So. 2d 833, 839 (La. 1987). An indemnitor is not liable under an indemnity agreement until the indemnitee "actually makes payment or sustains loss." Id. Thus, under applicable law, "a cause of action for indemnification for cost of defense does not arise until the lawsuit is concluded and defense costs are paid." Id.; Morella v. Bd. of Comm'rs of Port of New Orleans, 888 So. 2d 321, 325 (La. Ct. App. 2004); American Home Assur. Co. v. Chevron, USA, Inc., 400 F.3d 265, 271 (5th Cir. 2005) (applying Meloy). We find that the plaintiffs' claim for relief under the indemnity provision of the agreement is premature under settled Louisiana law, as the parties have not yet sustained any compensable loss, this lawsuit is still pending and no determination of liability has been made. See Suire v. Lafayette City-Parish Consol. Gov't, 907 So. 2d 37, 51 (La. 2005) (reversing appellate

13

court's holding that general contracted owed duty as matter of law to defend city and engineering firm and deferring this claim until lawsuit was concluded and liability determined). Furthermore, we again do not find Planes personally liable for the obligations of ICC. Moreover, any claim for costs is premature.

## IV. **CONCLUSION**

For the foregoing reasons, the motion for partial dismissal and improper venue by ICC and Planes [#4] is GRANTED IN PART and DENIED IN PART. Count I of plaintiffs' complaint is DISMISSED WITH PREJUDICE with respect to defendant Planes. Count II is DISMISSED WITH PREJUDICE. Count III is DISMISSED WITH PREJUDICE with respect to defendant William Planes and DISMISSED WITHOUT PREJUDICE with respect to defendant ICC. Defendants' motion to transfer venue is DENIED. Each party shall bear its own costs with respect to the instant motion.

Alexandria, Louisiana

24 April 2006

_____
F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE