# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| **UNIVERSITY REHABILITATION HOSPITAL, INC., ET AL.** | |
| | **CIVIL ACTION NO. 05-1827** |
| **-vs-** | |
| | **JUDGE LITTLE** |
| **INTERNATIONAL COOPERATIVE CONSULTANTS, INC., ET AL.** | |

## MEMORANDUM RULING

Before the court is the motion to reconsider and to alter or amend judgment of partial dismissal [Doc. # 14] filed by plaintiffs University Rehabilitation Hospital, d/b/a Physicians Hospital of New Orleans, Robert A. Rayford, Betty Ann Olds Rayford and Steven P. Mansour. For the reasons explained below, the plaintiffs' motion is DENIED.

## BACKGROUND

In this matter, this court issued a memorandum ruling and judgment on 24 April 2006 [##10, 11] in response to a motion for partial dismissal and improper venue filed by defendants International Cooperative Consultants, Inc. and William Planes [#4]. Following that judgment, the plaintiffs filed the instant motion pursuant to FED. R. CIV. P. 59(e). Given the discussion of the facts and procedural history contained in the prior writing, we find it unnecessary to provide any further recitation here.

## ANALYSIS

As the Federal Rules of Civil Procedure do not expressly recognize motions seeking "reconsideration" of a judgment, such motions are typically treated as motions to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), if filed within ten (10) days of the date of judgment. Bass v. United States Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). A Rule 59(e) motion "calls into question the correctness of a judgment." In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). Reconsideration of a judgment is an extraordinary remedy which courts should use sparingly. Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). The remedy is so extraordinary that the United States Court of Appeals for the Fifth Circuit has directed that the Rule 59(e) standards "favor the denial of motions to alter or amend a judgment." Southern Constructors Group, Inc. v. Dynalectric Co., 2 F.3d 606, 611 (5th Cir. 1993). As such, "the district court has considerable discretion in deciding whether to reopen a case under Rule 59(e)." Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993). Considerations limiting this discretion include "(1) finality, and (2) the need to render just decisions on the basis of all the facts." Id. (citations omitted).

Furthermore, a Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment, Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990), but instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)

(internal citation and quotation marks omitted). A Rule 59(e) motion should not be used to to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction.

Plaintiffs' motion does not demonstrate any manifest error of law or fact. Because plaintiffs' motion recapitulates arguments already presented to this court, provides additional argument that should have been previously presented, and fails to provide any new evidence or allegations, the court concludes that it is insufficient to warrant Rule 59(e) relief.

## **CONCLUSION**

For the foregoing reasons, plaintiffs' motion to reconsider and to alter or amend judgment of partial dismissal is DENIED.

Alexandria, Louisiana

10 May 2006

F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE