U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

OCT 16 2006

ROBERT H. SHEMWELL, CLERK
BY _____
      DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| UNIVERSITY REHABILITATION HOSPITAL, INC., ET AL | CIVIL ACTION NO.05-1827 |
| -vs- | |
| INTERNATIONAL COOPERATIVE CONSULTANTS, INC., ET AL | JUDGE TRIMBLE |

## MEMORANDUM RULING

Before the Court is a Motion for Partial Dismissal [Doc. #35] on behalf of defendants, International Cooperative Consultants ("ICC"), ICC Business Credit ("IBC"), and William Planes ("Planes"). For the reasons discussed below, defendant's motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Plaintiffs, University Rehabilitation Hospital, Inc., d/b/a Physicians Hospital of New Orleans ("Hospital"), Robert A. Rayford and Betty Ann Olds Rayford ("the Rayfords"), and Steven P. Mansour ("Mansour"), filed suit against the above enumerated defendants in October of 2005 claiming that defendants failed to perform certain duties as contemplated in a Management Services Agreement, Security Agreement, and Promissory Notes. Plaintiffs' claims were challenged by defendants' first Motion to Dismiss [Doc. #4], filed in December of 2005. Judge Little, who presided over this case until his retirement earlier this year, issued a Memorandum Ruling on that motion [Doc. #10] in which he dismissed, with

prejudice, plaintiffs' claims of breach of contract, designation as "responsible person" under 6672(a) of the Internal Revenue Code, and indemnification as to defendant Planes. This Court also dismissed, without prejudice, plaintiffs' claim of indemnification against defendant ICC. Additionally, the Court found that it was the proper venue for this suit and denied defendants' request for change of venue.

Plaintiffs were granted leave and amended their Complaint in August of 2006 [Doc. # 30]. Defendants now respond with a renewed Motion for Partial Dismissal, considered below.

## LEGAL STANDARD

In evaluating a motion to dismiss, the court accepts "the facts alleged in the complaint as true, [but] if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," the motion to dismiss will be granted. C.C. Port, Ltd. v. Davis-Penn Mortgage Co., 61 F.3d 288, 289 (5th Cir. 1995). In other words, the plaintiff must provide factual assertions in the complaint that, if taken as true, could lead to relief. While failure to provide facts to support a claim may lead to dismissal under FED. R. CIV. P. 12(b)(6), the court must construe the complaint liberally. Kane Enters. v. MacGregor (USA), Inc., 322 F.3d 371, 374 (5th Cir. 2003). "[C]onclusory allegations or unwarranted deductions of fact" are not sufficient, however, to avoid dismissal. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citation and quotation marks omitted). Instead, the "plaintiff must plead specific facts." Id. (citation and quotation marks omitted). In addition, "conclusory allegations or legal

2

conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993). Even if the factual allegations are not conclusory, though, the court will still dismiss a claim if the law does not provide redress for the claim. In other words, dismissal may be appropriate because "the law simply may not afford relief on the basis of the facts alleged in the complaint." Walker v. S. Cent. Bell Tel. Co., 904 F.2d 275, 277 (5th Cir. 1990). As such, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326 (1989). Motions to dismiss are viewed with disfavor and are rarely granted. Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 570 (5th Cir. 2005)

## DISCUSSION

### A. The Law of the Case

Defendants urge this Court to dismiss the claims asserted in plaintiffs' First Amended Complaint as a result of the application of the law of the case doctrine. Defendants cite several cases for the proposition that this Court is constrained to align its findings as to plaintiffs' Amended Complaint with Judge Little's earlier findings as to plaintiffs' original Complaint. Having reviewed the jurisprudence cited by the parties, we find that the law of the case doctrine has no proper application here.

"The law of the case doctrine, as formulated in this circuit, generally precludes reexamination of issues of law or fact decided on appeal, either by the district court on remand or by the appellate court itself on a subsequent appeal." Todd Shipyards Corp. v.

Auto Transp., S.A., 763 F.2d 745, 750 (5th Cir. 1985) citing Dickinson v. Auto Center Manufacturing Co., 733 F.2d 1092, 1096 (5th Cir. 1983) and Conway v. Chemical Leaman Tank Lines, Inc., 644 F.2d 1059, 1061 (5th Cir. 1981). This doctrine, although a "rule of practice," cannot be properly construed as a hard and fast limitation of the jurisdiction of this Court. Todd Shipyards at 750, citing Arizona v. California, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983) and U.S. v. Horton, 622 F.2d 144, 148 (5th Cir. 1980).

In the instant case, this district court is being asked to review its own earlier determinations. As there has been no appeal in this case and our review is not the result of an appellate court's remand, we find no limitation by way of the law of the case doctrine.

We are affirmed in our determination by the very language of Federal Rule of Civil Procedure 54(b), which provides that:

> "when more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is **subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.**" (Emphasis added.)

This Court has not entered final judgment as to any of the claims of any of the parties to

this suit and, as such, is entitled to review its own prior determinations without limitation under the language of the Federal Rules of Civil Procedure and without running afoul of the law of the case doctrine.

B. **Piercing the Corporate Veil**

Defendants urge this Court to dismiss plaintiffs' claims against Planes for breach of contract and further assert that defendants' corporate veil should not be pierced because plaintiffs failed to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b). We will first consider the issue of corporate veil piercing.

Plaintiffs correctly cite jurisprudence as to the application of Florida law for purposes of veil piercing in this case. The U.S. Fifth Circuit Court of Appeals determined, in Patin v. Thoroughbred Power Boats, 294 F.3d 640 (5th Cir. 2002), that under the choice of law rules in a Louisiana forum, the law of the state wherein the defendant corporation is incorporated applies. Here, as in Patin, the defendant corporations are incorporated in the state of Florida. This Court will, therefore, determine corporate veil piercing issues according to applicable Florida law.

The Florida Supreme Court, in the seminal case of Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla. 1984), held that veil piercing should be done only upon after notice and hearing, providing each party with the chance to offer evidence in support of or against such a finding. Further, Florida law dictates that corporate veil piercing should occur only after a showing that a defendant corporation "was organized or used to mislead creditors

or to perpetrate a fraud upon them." Id at 1119 - 1120. We find the Florida Court's quotation of Professor Wormser, originally cited in Bellaire Securities Corp. v. Brown, 124 Fla. 47, 168 So. 625, particularly helpful in determining the status of Florida corporations law.

> "When the conception of corporate entity is employed to defraud creditors, to evade an existing obligation, to circumvent a statute, to achieve or perpetuate monopoly, or to protect knavery or crime, the courts will draw aside the web of entity, will regard the corporate association as an association of live, up-and-doing, men and women shareholders, and will do justice between real persons." Disregard of the Corporate Fiction, Wormser, at page 84.

Thus, fraud is expressly a basis upon which a claim for corporate veil piercing may be founded according to Florida law. Plaintiffs Complaint plainly alleges fraud by non-disclosure, citing dates, locations, occasions, and alleged wrongful non-disclosure as required by Rule 9(b) of the Federal Rules of Civil Procedure. See Plaintiffs' First Amended Complaint at ¶ 39(a).

Florida jurisprudence, like that of Louisiana, requires a party alleging fraud by non-disclosure to demonstrate some relationship or connection between the plaintiff and the defendant which imposes on the defendant the duty to disclose those facts which are alleged to have been hidden through silence. Behrman v. Allstate Ins. Co., 388 F.Supp.2d 1346; Green v. Gulf Coast Bank, 593 So.2d 630. Plaintiffs in the instant suit have fulfilled this requirement. Plaintiffs' Complaint clearly pleads defendants' fiduciary duty and that such

duty forms the basis for the duty to disclose. See Plaintiffs' First Amended Complaint at ¶39(a) and (b).

As discussed above, this Court finds that plaintiffs have adequately demonstrated a cause of action for corporate veil piercing and breach of both the Security Agreement, Management Agreement, and attendant Promissory Notes, as well as for fraud by non-disclosure. Accordingly, we decline to dismiss such claims.

### C. **Prescription of Claims**

Defendants allege prescription of several claims asserted in plaintiffs' First Amended Complaint. Specifically, defendants suggest that plaintiffs' claims against Planes for breach of fiduciary duty are subject to the one-year prescriptive period for tort claims under Louisiana Civil Code Article 3492. Plaintiffs dispute this, arguing that their claims are in the nature of personal actions and, as such, are governed by the ten-year prescriptive period under Louisiana Civil Code Article 3499. Both plaintiffs and defendants cite the case of Hiern v. Sarpy, 1995 WL 640528 (E.D.La. 1995), in support of their respective arguments.

In Hiern, the district court for the Eastern District of Louisiana considered the exact issue of liberative prescription of claims for breach of fiduciary duty. Plaintiff in that case alleged legal malpractice and breach of fiduciary duty by defendants who responded by pleading peremption and prescription. Examining the language of LSA-RS 9:5605.A, the Court found that Section E specifically excluded claims of fraud under La. Civ. Code Art. 1953 from the statutes' three-year peremptive period for malpractice. Since plaintiff's claims

were expressly those of fraud and malfeasance, the Court applied a one-year prescriptive period under the same statute, and declined to dismiss, stating that there were genuine issues of material fact yet to be determined as to when prescription began and ended on this claim. As to plaintiff's claim for breach of fiduciary duty, the Court held that this claim was subject to a ten-year prescriptive period under La. Civ. Code Art. 3499 (concerning personal actions) and were, further, subject to suspension under the legal theory of *contra non valentum*. Hiern at 13, citing Gerdes v. Estate of Cush, 953 F.2d 201, 204 (5th Cir. 1992).

While defendants cite this case for the proposition that the one-year prescriptive period for tort fraud should be applied here, we do not agree. Plaintiffs aptly point out the case of Young v. Adolph, 02-67, La. App. 5th Cir. 5/15/02, 821 So.2d 101. In that case, the Fifth Circuit held that, under the ruling in Beckstrom v. Parnell, 97-1200 (La. App. 1 Cir. 5/15/98), 714 So.2d 188, on rehearing, 97-1200 (La. App. 1st Cir. 11/6/98), 730 So.2d 942, that when an alleged breach of fiduciary duty is in the nature of simple negligence, it is treated as a delictual offense, carrying with it a one-year prescriptive period. On the other hand, when the breach of fiduciary duty alleged is in the nature of deliberate fraud, it is treated as a personal action which, under La. Civ. Code Art. 3499, carries with it a ten-year prescriptive period. Young at 106.

The Court finds this jurisprudence persuasive and, applying the determinative method described above, finds that plaintiffs have alleged a breach of fiduciary duty in the nature of deliberate fraud which is a personal action and subject to a ten-year prescriptive period.

Plaintiffs filed the instant suit in 2005 and amended to assert Planes' personal liability in 2006, leading us to conclude that plaintiffs have asserted their rights within the applicable prescriptive period. We, therefore, decline defendants' request to dismiss plaintiffs' claims of breach of fiduciary duty.

Similarly, we decline to dismiss plaintiffs' conversion claim on the basis of prescription. Although defendants correctly cite the general applicability of one-year liberative prescription to delictual actions such as conversion, this Court finds that plaintiffs' claims of conversion are based in contract, as plaintiffs allege that defendants overcollected management fees utilizing the payment scheme contemplated in the Management Agreement and also overcollected on Promissory Notes executed between the parties. As such, this claim is more properly governed by the ten-year prescriptive period applicable to contract actions. La. Civ. Code Art. 3499.

### D. Duty to Provide an Accounting

La. Civ. Code Art. 2989 defines mandate as "a contract by which a person, the principal, confers authority on another person, the mandatary, to transact one or more affairs for the principal." La. Civ. Code Art. 3003 states:

> "at the request of the principal, or when the circumstances so require, the mandatary is bound to provide information and render an account of his performance of the mandate..."

We find that the Management and Security Agreements are both contracts of mandate

wherein defendants were engaged to "transact one or more affairs" for the principal, the hospital. Plaintiffs have asserted this right within the applicable ten-year prescriptive period for contract actions and, therefore, defendants' allegations of prescription are without merit. Accordingly, we find that defendants have stated an unequivocal demand for the accounting to which they are entitled under the above law. This Court, therefore, declines to dismiss such claim.

### E. **Unjust Enrichment**

Defendants urge this Court to dismiss plaintiffs' alternative claims of unjust enrichment, citing Craven v. Canal Barge Co., Inc., 135 Fed. Appx. 632, 635, 2004 WL 2554850 (5th Cir. 2004). Defendants argue that plaintiffs cannot claim unjust enrichment when the parties are governed by a valid contract or other means of recovery are available. Plaintiffs dispute this, claiming that they have only plead unjust enrichment in the alternative and that a dismissal of this claim is now premature, as there has been no determination as to what remedies may be available to them.

We find the case of Isofoton v. Giremberk, 2006 WL 1516026 instructive as to this issue. In that case, the U.S. District Court for the District of Arizona held that plaintiff's claims of unjust enrichment, plead in the alternative, were not subject to dismissal even though such claims were coupled with claims for breach of contract. Interpreting the language of Rule 8(e)(2) of the Federal Rules of Civil Procedure, the Court held that the phrase "a party may also state as many separate claims or defenses as the party has regardless

of consistency," found in the Federal Rule, was "unambiguous" and entitled plaintiffs to assert causes of action for breach of contract and unjust enrichment even though such claims are inconsistent. The Arizona District Court astutely reasoned that plaintiffs who assert such claims are not asking for two separate recoveries, but a single recovery based on one of the two suggested bases. Id at 5.

We must agree with our Arizona counterpart that plaintiffs' claim for unjust enrichment is properly plead under the express language of Federal Rule of Civil Procedure 8(e)(2) and should not be dismissed.

F. **Dissolution of Contract**

Defendants also request that plaintiffs' claims for dissolution of the contract based on fraud at inception be dismissed. Plaintiffs claim that the Management Services Agreement and Security Agreement and attendant Promissory Notes are null, *ab initio*, due to fraud which vitiated plaintiffs' consent.

Plaintiffs must plead fraud on the contract according to the previously discussed requirements of Federal Rule of Civil Procedure 9(b). Plaintiffs First Amended Complaint does not state, with requisite particularity, the duty of the defendants to disclose Planes' background, nor do we find support for such an assertion in the facts of this case. Plaintiffs had ample opportunity to investigate the parties with whom they intended to contract and chose not to do so. Under such circumstances, we cannot assume a cause of action for dissolution of contracts based on fraud. We therefore find that plaintiffs' claim for

dissolution of the contract should be dismissed.

G.  **Tax Liability**

We reaffirm our jurisdictional limitations as to tax issues per the Declaratory Judgment Act, as expressed by Judge Little in his Memorandum Ruling on defendants' first Motion to Dismiss [Doc. # 10]. We are precluded from issuing declaratory judgments concerning tax liability and reiterate the fact that no actual tax liability has been, to date, imposed on any party. As such, all plaintiffs' claims of recovery based on tax liability not yet imposed are to be dismissed until such time as they become ripe for adjudication.

## CONCLUSION

In consideration of the foregoing law and reasoning, this Court finds that plaintiffs have plead fraud and malfeasance with particularity such as to state a cause of action for corporate veil piercing under applicable Florida law. Further, plaintiffs' claims of breach of fiduciary duty and conversion have not prescribed, as they are each subject to ten-year prescriptive periods under Louisiana law. This Court finds that, under La. Civ. Code Arts. 2989 and 3003, plaintiffs are entitled to the accounting they request in their First Amended Complaint. Plaintiffs are also entitled to maintain their claims, plead in the alternative, for unjust enrichment. As such, the foregoing claims are preserved and that portion of defendants' Motion for Partial Dismissal is DENIED.

We find, however, that plaintiffs failed, in their Amended Complaint, to state a cause

of action for dissolution of the contracts forming the basis of this suit and, as such, this claim must be DISMISSED with prejudice.

This Court also finds that it may not properly issue rulings in the nature of declaratory judgments as to potential tax liability under the express guidelines of the Declaratory Judgment Act. As such, all claims wherein plaintiffs plead defendants' liability for unpaid trust fund taxes are to be DISMISSED without prejudice.

Accordingly, the portions of defendants' Motion for Partial Dismissal concerning declaratory tax liability judgments and dissolution of contract claims are GRANTED.

Alexandria, Louisiana
\_16\_ October 2006

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE