U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

AUG 01 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

| | |
|---|---|
| UNIVERSITY REHABILITATION HOSPITAL, INC., ET AL | CIVIL ACTION NO.05-1827 |
| -vs- | JUDGE TRIMBLE |
| INTERNATIONAL COOPERATIVE CONSULTANTS, INC., ET AL | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a motion for partial summary judgment [R. 77] filed by defendants International Cooperative Consultants, Inc. ("ICC"), ICC Business Credit, Inc. ("IBC") and William Planes ("Planes"). Defendants' motion seeks judgment on the issue of corporate veil piercing, asserting that plaintiffs University Rehabilitation Hospital, Inc., d/b/a Physicians Hospital of New Orleans ("PHNO"), Robert A. Rayford and Betty Ann Olds Rayford ("Rayfords"), and Steven P. Mansour ("Mansour"), cannot establish facts sufficient to allow a fact-finder to pierce the corporate veil as to defendant Planes and, as such, Planes should be dismissed from this suit.

Defendants attached an affidavit sworn by Langfred White, the corporate representative for both ICC and IBC in support of their motion for partial summary judgment. Plaintiffs filed a motion to strike this affidavit [R. 90] which we will consider herein, as we find it imprudent to rule on defendants' motion without addressing the character of the affidavit as it relates to the applicable summary judgment standard.

Upon consideration of the law and arguments submitted by the parties and for the reasons expressed herein, the court finds that defendants' instant motion should be DENIED. We further find that plaintiffs' motion to strike should be DENIED as moot.

### I. Background

#### A. Relevant Facts

PHNO entered into a "Management Services Agreement[1]" ("Agreement") with ICC on September 27, 1999 wherein it contracted to have ICC perform certain management and administrative services for its benefit[2].

PHNO executed an $800,000 revolving line of credit promissory note in favor of IBC on April 30, 2001[3]. On July 9, 2001, this line of credit was increased from the original $800,000 to $1.2 million[4]. The promissory note was secured by PHNO's accounts receivable, as contemplated in a security agreement executed between PHNO and IBC at the same time as the original promissory note[5]. This agreement, promissory note and security agreement comprise the business relationship between the parties to this suit.

Plaintiffs filed the instant suit on October 14, 2005, alleging that defendants failed to pay certain Trust Fund Taxes on behalf of PHNO, which constituted a breach of both the

---

[1] The agreement was amended twice: first on February 11, 2000 and again on July 9, 2001. First Amended Complaint [R. 34] at ¶ 12.

[2] Id.

[3] Id at ¶ 13.

[4] Id.

[5] Id.

contracts between them and their fiduciary duty toward PHNO[6]. Plaintiffs' complaint further alleges that defendant Planes is personally liable for his role in the failure of ICC and IBC to execute payment of Trust Fund Taxes on behalf of PHNO, as dictated by 26 U.S.C. § 6672(a) which, plaintiffs claim, classifies Planes as a "responsible person[7]." Plaintiffs' complaint asks for an accounting[8] and return of the records[9], as well as for dissolution of the contracts and recovery of damages on the grounds of fraud[10]. The complaint also states a claim for unjust enrichment under La. Civ. C. Art. 2298[11].

Since the inception of this suit in 2005, we have issued several rulings dealing with various dispositive motions by the parties. Speaking through Judge F.A. Little, Jr.[12], this court dismissed plaintiffs' claims of breach of contract, designation as "responsible person" under § 6672(a) of the Internal Revenue Code, and indemnification as to defendant Planes. This ruling also dismissed plaintiffs' claim of indemnification as to ICC and expressed the court's determination that it was, indeed, a proper venue for this suit and, accordingly, denied

---

[6] Id at ¶¶ 42 - 48.

[7] Id at ¶¶ 26, 49 - 51.

[8] Plaintiffs allege that certain funds belonging rightfully to PHNO are still being held by IBC and should be returned to plaintiffs after their quantity and location are discerned by virtue of the requested accounting.

[9] Id at ¶¶ 52 - 58.

[10] Id at ¶¶ 63 - 76.

[11] Id at ¶¶ 59 - 62.

[12] Judge F.A. Little retired from the federal bench in 2006, resulting in the transfer of this case to the undersigned [R. 18] in May of the same year.

3

defendants' request for a change of venue[13].

More recently, we issued a ruling in which we denied defendants' motion to dismiss claims for personal liability by veil piercing against Planes for failure to plead fraud with requisite particularity; declined to dismiss claims of deliberate fraud by Planes based on prescription; declined to dismiss claims for an accounting based on prescription; declined to dismiss plaintiffs' claim for unjust enrichment on the basis that such a claim was inconsistent with other alternative theories of recovery plead within the complaint; dismissed plaintiffs' claim against ICC and IBC for dissolution of contract based on fraud and, finally, affirmed our earlier dismissal of all claims by plaintiffs for declaration of Planes' status as a "responsible party" under applicable tax law until such time as tax liability is actually imposed[14].

Our latest ruling in this case addressed a motion for summary judgment by third party insurer St. Paul Reinsurance Company, Ltd. ("St. Paul"). Finding that the two claims-made insurance policies issued by St. Paul did not owe coverage for the alleged bad acts of defendants ICC and IBC, for whom the insurance was written, we dismissed plaintiffs' claims against the insurer[15].

Against the backdrop of these prior rulings, we now consider defendants' motion for partial summary judgment and plaintiffs' responsive motion to strike the affidavit of ICC and IBC's corporate representative, Langfred W. White, Esq.

---

[13]Memorandum ruling of the court [R. 11].

[14]Memorandum ruling of the court [R. 41].

[15]Memorandum ruling of the court [R. 86].

B.   Applicable Standard

The motion before the court requests partial summary judgment pursuant to Fed. R. Civ. P. Art. 56. In ruling on such a motion, we must determine whether the "...pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any show that there is no genuine issue as to any material fact...[16]" A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party[17]. In making this determination, a court must draw all justifiable inferences in favor of the non-moving party[18].

Once the moving party has carried its burden of showing an absence of evidence to support the non-moving party's case, the burden shifts to the non-party to come forward with specific facts showing a genuine factual issue for trial[19]. "Conclusory denials, improbable inferences, and legalistic argumentation" are not an adequate substitute for specific facts showing that a genuine issue of material fact remains to be tried[20]. Evidence presented, whether in support of or in opposition to a motion for summary judgment, must be of such character that it would be admissible at trial[21].

If the moving party fails to meet its initial burden of proof, the motion must be

---

[16] Fed. R. Civ. P. Art. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); American Home Assurance Co. v. United Space Alliance, 378 F.3d 482, 486 (5th Cir. 2004).

[17] Anderson, 477 U.S. 242 at 248.

[18] Id at 255.

[19] Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[20] SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993).

[21] Fed. R. Civ. P. Art. 43(a); Roucher v. Traders & General Ins. Co., 235 F.2d 423, 424 (1956).

denied, regardless of the non-moving party's response[22].

## II. Analysis of Law and Arguments

Defendants' motion seeks summary judgment in its favor on the issue of corporate veil piercing as to defendant Planes. Defendants assert that plaintiff cannot demonstrate facts which would satisfy the elements necessary to establish that ICC and IBC were the alter ego or instrumentality of Planes, one of the three required proofs plaintiffs must make in order to justify veil piercing.

Sitting in diversity, as here, we apply the choice of law rules of the forum state in order to determine which state's substantive law will govern the determination of corporate veil piercing[23]. Both IBC and ICC were incorporated in the state of Florida, therefore we apply the substantive law of that state in determining whether to pierce the corporate veil as to Planes[24].

The seminal case addressing corporate veil piercing under Florida law is Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla. 1984). In that case, the respondent, Sykes, was crushed between two cars while attempting to enter a jai-alai fronton after leaving her car with a valet parking attendant[25]. Sykes filed suit against three corporations: Dania Jai-Alai Palace, Inc ("Dania"), which owned and operated the jai-alai fronton, Carrousel

---

[22]Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex).

[23]Patin v. Thorougbred Power Boats, Inc., 294 F.3d 640, 646 - 47 (5th Cir. 2002) citing Marchesani v. Pellerin - Milnor Corp., 269 F.3d 481, 485 (5th Cir. 2001).

[24]Id, citing Lone Star Indus., Inc. v. Redwine, 757 F.2d 1544, 1548 (5th cir. 1985) and San Francisco Estates v. Westerfeldt Bros., No. 97 - 1102, 1998 WL 12243 at *4 (E.D. La. 1/13/98).

[25]Dania Jai-Alai Palace v. Sykes, 450 So.2d 1114, 1115 - 116 (Fla. 1984).

Concession, Inc. ("Carrousel"), which operated the valet parking aspect of the business, and Saturday Corporation ("Saturday"), which owned both Dania and Carrousel[26]. Tracing the evolution of veil piercing jurisprudence in Florida, the state's highest court concluded that the district court erred in entering a directed verdict in favor of respondent, Sykes, on the issue of veil piercing[27]. The court held that the record before it indicated the existence of evidence "...which, if accepted by the jury, tended to show that Dania and Carrousel operated independently of each other[28]" and specifically rejected the theory that veil piercing may be justified on the basis of the alter ego/instrumentality doctrine alone, without a showing of some wrongdoing or fraud resulting in injury[29].

Interpreting Dania, Florida courts have distilled three essential proof elements necessary to create a successful claim for corporate veil piercing: "(1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence was in fact non-existent and the shareholders were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant.[30]"

---

[26] Id at 1115.

[27] Id at 1122.

[28] Id at 1121.

[29] Id at 1116 - 117.

[30] In re Homelands of DeLeon Spring, Inc., 190 B.R. 666, 670 (Bkrtcy. M.D. Fla. 1995) citing Hillsborough Holdings Corp. v. The Celotex Corp. (In re Hillsborough Holdings Corp.), 166 B.R. 461, 468 (Bankr. M.D. Fla. 1994), aff'd 176 B.R. 223 (M.D. Fla. 1994).

7

Defendants allege that plaintiff cannot establish the necessary first element of alter ego/instrumentality and, therefore, even if they can demonstrate the final two elements, no veil piercing may follow[31]. Plaintiffs dispute defendants' summary of the necessary elements, arguing that Patin v. Thoroughbred Power Boats, Inc., 294 F.3d 640 (5th cir. 2002), provides for a finding of veil piercing even when the corporation in question conducts business in observance of all traditional corporate formalities. Specifically, plaintiffs' brief points out language from Patin[32] which rejects the view that a showing of observance of corporate formalities necessarily forecloses a finding of alter ego/instrumentality status[33].

In Patin, the United States Court of Appeals for the Fifth Circuit held that the record before it contained numerous factors supporting the district court's decision to pierce the corporate veil. The court determined that, while the defendant corporations at issue did observe corporate formalities and did "conduct business publicly," other factors still supported the classification of the businesses as alter egos or instrumentalities[34]. In this way, the court did not allow corporate veil piercing without an alter ego/instrumentality showing, it merely reinforced prior Florida jurisprudence which classified the standard factors taken into consideration as illustrative, as opposed to exhaustive. In fact, the court enumerated

---

[31] Defendants' motion for partial summary judgment [R. 77] at p. 10.

[32] Patin at 648.

[33] Plaintiffs' memorandum in opposition [R.89] at pp. 3 - 4.

[34] Patin at 649("In addition, our review of the record also support the district court's finding that Thoroughbred and Velocity are both alter egos of [defendant]. Accordingly, the district court did not clearly err in piercing the corporate veil in the instant case.").

several factual findings which supported the district court's determination:

> "...the nature of [defendant's] financial transactions with the two companies, the timing of [defendant's] actions in transferring Throroughbred's activities to Velocity, and [defendant's] admitted use of this transformation to avoid liability in the instant case...[35]"

Thus, we would agree with plaintiffs' argument insofar as it asserts that the seven (7) traditional factors cited by defendants[36] are not exhaustive. Applicable jurisprudence clearly supports a more expansive fact analysis, concentrating on the overall behavior and what level of control or domination such facts tend to prove.

We turn now to the summary judgment evidence submitted by defendants on the issue of alter ego/instrumentality. The sole piece of summary judgment evidence submitted to the court in support of defendants' motion is the affidavit of Langfred W. White, Esq., the corporate representative for both ICC and IBC[37]. Plaintiffs filed a motion to strike this affidavit on the basis that it contains purported facts which are actually highly disputed[38].

Our review of the affidavit at issue leads us to deny the partial summary judgment sought by defendants. It is well established that "mere statements of conclusions of law or ultimate fact cannot shift the summary judgment burden to the nonmovant.[39]" Recalling the substance of the jurisprudence discussed above, we cannot accept defendants' own self-

---

[35]Id.

[36]Defendants' motion for partial summary judgment [R.77] at pp. 8 - 9.

[37]"Exhibit 1" to Defendants' motion for partial summary judgment [R.77] ("Affidavit" dated June 8, 2007).

[38]Plaintiffs' memorandum in opposition [R. 89] at p. 5.

[39]Galindo v. Precision American Corp., 754 F.2d 1212, *1221 - 1222 (C.A. Tex., 1985) citing Gossett v. Du-Ra-Kel Corp., 569 F.2d 869, 872 (5th Cir. 1978).

serving affidavit as conclusive proof of alter ego/instrumentality status.

While the affidavit in question contains statements which address many of the traditional factors to be considered when assessing whether or not a finding of alter ego/instrumentality is appropriate, it does not enlighten the court as to the basis for these assertions. Moreover, it does not, given the jurisprudence above, foreclose a legitimate finding of alter ego/instrumentality. Further, several of the assertions contained in the affidavit concern documentary evidence which is the subject of a motion to compel by plaintiffs[40]. In short, the affidavit refers the court to no evidence beyond itself. We find, therefore, that, viewing the evidence in the light most favorable to plaintiffs, defendants' motion and supporting summary judgment evidence are not sufficient to shift the burden of proof to plaintiffs in this matter. Accordingly, defendants' instant motion will be denied.1`

Finding as we have with respect to defendants' motion, we will not grant plaintiffs' motion to strike, as the issue raised therein is moot.

### III. Conclusion

Having considered the law and arguments advanced by the parties, we find that Florida jurisprudence requires the fulfillment of three proof elements in order to justify piercing the corporate veil: (1) alter ego/instrumentality status; (2) improper conduct in the formation or use of the corporation and (3) injury to claimant as a result of the improper conduct[41].

---

[40] As the court has yet to receive all briefs from the parties to plaintiffs' motion to compel the production of documents [R. 103], referred to chambers per notice [R. 104], a separate ruling addressing this motion will issue in due course following the close of briefing on that motion.

[41] In re Homelands of DeLeon Springs, Inc., supra, 190 B.R. 666 at 670.

Defendants' sole piece of summary judgment evidence is a self-serving affidavit attested by the corporate representative of both ICC and IBC, unsupported by any evidence. Further, the affidavit contains statements which purport to be facts, but which are actually conclusions of law and fact based on evidence which has not been produced and is currently the subject of a motion to compel by plaintiffs. Under these circumstances, we find that the summary judgment evidence submitted by defendants fails to eliminate all relevant fact questions concerning whether or not ICC and IBC were alter egos or instrumentalities of defendant Planes. Defendants, thus, have not successfully carried their burden of proof in this motion and it shall be denied.

Plaintiffs' responsive motion to strike the affidavit of White shall also be denied as moot, given our findings with respect to the sufficiency of the affidavit as credible summary judgment evidence.

Alexandria, Louisiana
July 31st, 2007

JAMES T. TRIMBLE, JR.
U.S. DISTRICT JUDGE